*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CITY OF DETROIT,

UNPUBLISHED
September 10, 2025
11:23 AM

Plaintiff/Counterdefendant-Appellant,

v

No. 371156
Wayne Circuit Court
LC No. 23-010381-CL

DETROIT POLICE OFFICERS ASSOCIATION,

Defendant/Counterplaintiff-Appellee.

Before: ACKERMAN, P.J., and M. J. KELLY and O'BRIEN, JJ.

PER CURIAM.

Plaintiff/Counterdefendant, the City of Detroit, appeals as of right the trial court order denying its motion to vacate an arbitration award and granting a competing motion to confirm the arbitration award that was filed by defendant/counterplaintiff, Detroit Police Officers Association (DPOA). For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

The City and the DPOA are parties to a 2022 to 2027 collective bargaining agreement (CBA). In December 2022, the City notified the DPOA that it was going to consider the disciplinary record of the DPOA's members when determining their eligibility to take the 2023 promotional examinations for the ranks of Sergeant and Detective. The City issued a number of personnel orders setting forth the eligibility criteria for the subject examinations, advising applicants that their disciplinary history would be considered, and outlining the appeal process for applicants determined to be ineligible to sit for the examinations. Thereafter, Police Officer Latoya Chavies applied to sit for the March 2023 Sergeant and Detective promotional examination, but was informed that she was ineligible because of her disciplinary history. Her appeal of the decision was denied.

In response, the DPOA filed a grievance, alleging that the City had breached the CBA by denying Chavies the ability to take the 2023 promotional examination because of her disciplinary history. The City disagreed, contending that, under Article 6(A) of the CBA, it could consider disciplinary history when determining eligibility to take the promotional exam. Specifically, the City relied upon the below sections of Article 6(A) of the CBA:

Except as specifically limited by the provisions of this Agreement or applicable law, the Department will have the discretion and authority:

1. to hire, direct, classify, assign, reassign, promote, demote, evaluate, transfer, layoff, and/or recall Employees, including the assignment or reassignment of Employees;

\* \* \*

4. to determine policies affecting the selection, evaluation and training of Employees;

\* \* \*

6. to determine the content and nature of the work to be performed, and the competencies and qualifications needed to perform the work;

\* \* \*

9. to establish, regulate, determine, revise, or modify at any time the policies, practices, protocols, processes, techniques, methods, means and procedures used in the Department, including, but not limited to machinery, materials, methods, facilities, tools and equipment with appropriate and reasonable notification to the Association . . .

As required by the CBA, the matter was submitted to arbitration. Following a hearing on the grievance, the arbitrator issued an opinion and award in favor of the DPOA.

The City then filed a complaint in the circuit court, seeking to vacate the arbitration award. The City argued that the arbitrator exceeded her authority by determining the parties' statutory rights under the Public Employment Relations Act (PERA), MCL 423.201 *et seq*. The DPOA answered the complaint and filed a counterclaim, seeking to enforce the arbitration award. The DPOA maintained that matters involving the interpretation of the CBA were required to be submitted to binding arbitration. Further, it alleged that the arbitrator merely interpreted the CBA when issuing an opinion and award in favor of the DPOA.

The City moved to vacate the arbitration award, and the DPOA moved for summary disposition under MCR 2.116(C)(10). Following a hearing, the trial court denied the City's motion to vacate the arbitration award, granted the DPOA's motion for summary disposition, and dismissed the City's complaint to vacate the arbitration award. This appeal follows.

## II. ARBITRATION AWARD

## A. STANDARD OF REVIEW

The City argues that the trial court erred by denying its motion to vacate the arbitration award and by granting the DPOA's motion to confirm it. "This Court reviews de novo a trial court's decision to enforce, vacate, or modify an arbitration award." *City of Ann Arbor v American*

*Federation of State, Co, & Muni Employees (AFSCME) Local 369*, 284 Mich App 126, 144; 771 NW2d 843 (2009). Likewise, we review de novo questions regarding whether the arbitrator "exceeded his or her authority." *Washington v Washington*, 283 Mich App 667, 672; 770 NW2d 908 (2009).

## B. ANALYSIS

"Judicial review of arbitration awards is usually extremely limited." *Id*. at 671. In *AFSCME*, 284 Mich App at 144-145, this Court summarized the limits on a reviewing court's authority as follows:

> A court may not review an arbitrator's factual findings or decision on the merits. Likewise, a reviewing court cannot engage in contract interpretation, which is an issue for the arbitrator to determine. Nor may a court substitute its judgment for that of the arbitrator. Hence courts are reluctant to vacate or modify an award when the arbitration agreement does not expressly limit the arbitrators' power in some way. The inquiry for the reviewing court is merely whether the award was beyond the contractual authority of the arbitrator. If, in granting the award, the arbitrator did not disregard the terms of his or her employment and the scope of his or her authority as expressly circumscribed in the contract, judicial review effectively ceases. Thus, as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, a court may not overturn the decision even if convinced that the arbitrator committed a serious error. [Quotation marks, alterations, and citations omitted.]

Notwithstanding the extremely limited ability to review an arbitrator's decision, a trial court must vacate an arbitration award if "[t]he arbitrator exceeded his or her powers." MCL 600.5081(2)(c).

On appeal, the City contends that the arbitrator exceeded her authority because she found that the City engaged in an unfair labor practice (ULP) under PERA. The City correctly notes that PERA gives exclusive jurisdiction to adjudicate disputes involving ULPs to the Michigan Employment Relations Commission (MERC). See MCL 423.216; *St Clair Intermediate Sc Dist v Intermediate Edu Ass'n/Mich Ed Ass'n*, 458 Mich 540, 550; 581 NW2d 707 (1998). Alternatively, the City asserts that the arbitration award should be vacated because it violates public policy, which it contends favors resolution of ULPs by MERC. In response, the DPOA argues that the arbitrator did not exceed her authority by making a determination based upon PERA. Instead, it contends that, consistent with the authority granted to the arbitrator under Article 8 of the CBA, the arbitrator exercised her authority "to make a decision binding upon the parties regarding the interpretation, application, or enforcement of the" CBA.

Having reviewed the arbitrator's opinion and award, we conclude that the DPOA's position is correct. Although the arbitrator referenced that PERA was the applicable law governing the parties' bargaining process, she did not find that the City engaged in a ULP. Instead, her references to PERA were limited to acknowledging that eligibility for promotions was a subject that the City could have bargained for and included in the CBA. However, she interpreted Article 6(A) of the CBA as not including any language permitting the City to review and assess an applicant's disciplinary history when determining eligibility to sit for a promotional examination.

Accordingly, her decision is clearly grounded upon her interpretation of the CBA, which is plainly within the purview of her authority under Article 8 of the CBA. The trial court, therefore, did not err by denying the motion to vacate the arbitration award and granting the motion to confirm it instead.

Affirmed. DPOA may tax costs as the prevailing party. MCR 7.219(A).

/s/ Matthew S. Ackerman
/s/ Michael J. Kelly
/s/ Colleen A. O'Brien